UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**  **CIVIL ACTION**

**VERSUS**  **NO: 08-0148**

**AKASIA LEE ET AL.**  **SECTION: "S" (1)**

## ORDER

**IT IS HEREBY ORDERED** that the government's motion *in limine* to exclude evidence of child Medicaid recipient's medical health information is **DENIED WITHOUT PREJUDICE** to the government's right to reurge the motion at trial in the context in which it arises. (Document #144.)

**IT IS FURTHER ORDERED** that Una Favorite Brown's motion *in limine* to exclude evidence of time sheets for children other than EnMo and LoMo is **DENIED**. (Portion of document #155.)

**IT IS FURTHER ORDERED** that Una Favorite Brown's motion *in limine* to exclude evidence of EnMo and LoMo's doctor visits and PCS enrollment paperwork is **DENIED**. (Portion of document #155.)

**IT IS FURTHER ORDERED** that the government's motion *in limine* to permit

evidence of Melinda Langley's regarding evidence of serving alcohol and marijuana while with her patients JoPe and JoPe is **GRANTED**. (Document #220.)

**IT IS HEREBY ORDERED** that the government's motion *in limine* to exclude the testimony of Michael D. Chafetz, Ph.D., an expert witness for Ernestine Girod is **DENIED**. (Documents #225 and #237). The witness will be allowed to opine about his test results regarding defendant Ernestine Girod's general intellectual capacity, and whether the criminal activity which she is charged with is too complex for defendant Girod to intend to carry out. See United States v. Cameron, 907 f.2d 1051 (11th Cir. 1990).

**IT IS HEREBY ORDERED** that Una Favorite Brown's motion to dismiss the first superseding indictment due to prosecutorial misconduct is **DENIED**. (Document #235.) "Both sides have an equal right, and should have an equal opportunity, to interview [witnesses]." See United States v. Skilling, 554 F.3d 529, 567 (5th Cir. 2009). At the hearing, Brown did not present direct evidence that the government intimidated potential witnesses into refusing to testify at trial. Nothing in the record indicates that the government's conduct "interfered substantially with a witness's free and unhampered choice to testify." Id.

**IT IS FURTHER ORDERED** that the government's objection to the production of the federal agents' reports of interviews with Semaj Allen and Lakita Randall is **SUSTAINED**.

New Orleans, Louisiana, this  24th  day of August, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**